UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2894 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ERIC ALDEN; ET AL. v. ADMIRAL INSURANCE COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nick Alden | Carey Moorehead<br>Josh Kantrow<br>Spencer Schneider |

**Proceedings:** **DEFENDANT ADMIRAL INSURANCE CO.'S MOTION TO DISMISS PURSUANT TO RULES 1, 12(B)(7), 13(A) AND/OR 19(A)** (filed 05/01/09)

**DEFENDANTS VENBROOK INSURANCE SERVICES, LLC AND MARC BISHARA'S MOTION TO DISMISS** (filed 5/1/09)

## I.   INTRODUCTION

On March 23, 2009, plaintiffs Eric Alden and Lorne Pollock, filed the instant suit in Los Angeles County Superior Court against defendants Admiral Insurance Company ("Admiral"); Venbrook Insurance Services, LLC; Marc Bishara; and Does 1 through 50, alleging claims for (1) declaratory relief; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) breach of contract; (5) negligence; (6) breach of fiduciary duties; and (7) tort of another.

This insurance dispute is the subject of two other suits pending before this Court, Gordon Gregory v. Venbrook Insurance Services, LLC, CV 09-2858 CAS (JTLx) and Admiral Insurance Company v. Eric Alden, CV 09-1821 CAS (JTLx).

Plaintiffs allege that they are officers of Case Financial and insureds under a Landmark American Insurance Company ("Landmark") primary Directors and Officers ("D&O") insurance policy and an Admiral excess D&O insurance policy. Plaintiffs allege that they were insured under Admiral D&O policy no. 1616405/2 with a policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2894 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ERIC ALDEN; ET AL. v. ADMIRAL INSURANCE COMPANY; ET AL. | | |

period from May 22, 2004, through May 22, 2005. Plaintiffs allege that on or about April 25, 2005, plaintiffs were named as defendants, in their capacity as officers of Case Financial, in a shareholder derivative action filed in the Court of Chancery in the State of Delaware, <u>Canadian Commercial Workers Industry Pension Plan v. Eric Alden, Harvey Bibicoff, Gordon Gregory, and Lorne Pollock</u>, CV No. 1184-N (the "underlying suit"). Plaintiffs allege that it timely gave notice of the underlying suit to Landmark and Admiral. Plaintiffs further allege that Landmark paid all policy limits on February 27, 2009, "triggering and obligating Admiral to provide coverage." Plaintiffs allege that "Admiral has refused and continues to refuse to acknowledge its coverage obligations" to plaintiffs.

Plaintiffs further allege that Venbrook held itself out as a "full service independent insurance broker" and agreed to work on behalf of Case Financial and its directors and officers to procure and maintain D&O insurance coverage. Plaintiffs allege that on or about February 23, 2004, Eric Alden was removed as CEO of Case Financial and that Bibicoff assumed the role of interim CEO of Case Financial from February 23, 2004, to June 8, 2004. Plaintiffs further allege that Venbrook or "someone working on its behalf" submitted a completed insurance renewal proposal form to Admiral dated March 25, 2004, that contained a forged signature of Eric Alden. Plaintiffs allege that Venbrook and Bishara, Venbrook's president, decided to "forge Eric Alden's signature on the Proposal Form and misrepresent Alden's position," which "provided Admiral with a basis to challenge its coverage obligation" to plaintiffs. Plaintiffs further allege that Venbrook failed to accurately communicate the scope of the coverage of plaintiff's primary D&O policy with Landmark. Plaintiffs allege that Venbrook represented that their D&O policy with Landmark would be based on a form that did not contain an "insured v. insured" exclusion. <u>Id.</u> Plaintiffs further allege that Landmark ultimately delivered a policy form that contained the "insured v. insured" exclusion and that Venbrook failed to notify plaintiffs of the change. <u>Id.</u>

On March 17, 2009, Admiral filed a complaint for declaratory judgment in this Court seeking a declaration that it has no duty to defend or indemnify plaintiffs for the underlying suit under D&O policy no. 1616405/2.

On April 24, 2009, defendant Admiral removed this action to this Court on the basis of diversity jurisdiction. Plaintiffs, Bishara, and Venbrook are all residents of California for diversity purposes and therefore complete diversity is lacking. Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2894 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ERIC ALDEN; ET AL. v. ADMIRAL INSURANCE COMPANY; ET AL. | | |

maintain, however, that Bishara and Venbrook have been fraudulently joined to this action and should be disregarded for the purposes of determining diversity jurisdiction.

On May 1, 2009, defendant Admiral filed a motion to dismiss. Also on May 1, 2009, defendants Venbrook and Bishara filed a motion to dismiss, arguing that this Court lacks diversity jurisdiction. On May 7, 2009, plaintiffs filed their oppositions. On June 8, 2009, defendants filed their respective replies. A hearing was held on June 22, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.[1]

## II.    DISCUSSION

### A.    Fraudulent Joinder

Defendant Admiral argues that complete diversity exists because Venbrook and Bishara are "sham" defendants. The Court cannot conclude at this juncture that plaintiffs have "no possibility" of prevailing on their claims against Venbrook and Bishara. Dodson, 951 F.2d at 42. The Court cannot conclude that plaintiff's claims against Admiral are time-barred. Although plaintiffs suit against Landmark in 2005 and Admiral's October 25, 2005, letter put plaintiffs on notice of the misrepresentations in their policy, plaintiffs have plausibly claimed that they did not suffer any damage as to the excess policy until the primary policy was exhausted in February 2009.[2] Stonewall Ins. Co. v. City of Palos Verdes Estates, 46 Cal. App. 4th 1810, 1850 (1996) ("[L]iability under a secondary [excess] policy will not attach until all primary insurance is exhausted. . ."). Furthermore, Admiral could not deny coverage in its October 25, 2005 letter because its obligations had not been triggered, a fact that Admiral acknowledged in the letter. Opp'n, Ex. A ("Consequently, at this time, Admiral's Excess Policy has not been

---

[1] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the Court takes judicial notice of exhibit A-D of defendants Venbrook and Bishara's Request for Judicial Notice, for purposes of these motions.

[2] At oral argument, counsel for Venbrook and Bishara argued that plaintiffs' damages began accruing in 2005 when they began incurring attorneys' fees. The Court makes no findings as to when plaintiffs first suffered damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2894 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ERIC ALDEN; ET AL. v. ADMIRAL INSURANCE COMPANY; ET AL. | | |

triggered by any Loss incurred in the Derivative lawsuit. Unless and until the Underlying Insurance (Landmark) is exhausted, Admiral's Excess Policy is not implicated."). Therefore, the limitations period on plaintiffs' professional negligence claim against Venbrook and Bishara, as it pertains to the Admiral policy, did not begin to run until February 2009, at the earliest, and is not time-barred. Int'l Engine Parts, Inc. v. Feddersen & Co., 9 Cal. 4th 606, 613 (1995) ("Although [Cal. Code Civ. P. § 339] does not specifically require actual injury to commence its limitations period, cases interpreting the statute have inferred such a requirement in professional malpractice actions.").

Furthermore, plaintiff's allegations (1) that Venbrook and Bishara, as plaintiff's insurance brokers, owed plaintiffs a duty of reasonable care; (2) that Venbrook and Bishara breached that duty by forging Eric Alden's signature on the Admiral Renewal Policy Form; and (3) that misrepresentations in the Admiral Renewal Policy Form provided Admiral with a basis to challenge its coverage obligation, sufficiently demonstrate that plaintiffs have a possibility of prevailing on their claim against Venbrook and Bishara. Jackson v. Johnson, 5 Cal. App. 4th 1350, 1355 (1992) ("The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.")

Therefore, because the Court is unable to conclude that Venbrook and Bishara are sham defendants, complete diversity is lacking and the Court lacks subject matter jurisdiction over this action. Accordingly, this case should be remanded to state court.

**B. Motions to Dismiss**

Furthermore, given the Court's conclusion that this case should be remanded to Los Angeles County Superior Court, the Court does not reach defendants' motions to dismiss.

**III. CONCLUSION**

In accordance with the foregoing, the Court hereby orders this case be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2894 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | ERIC ALDEN; ET AL. v. ADMIRAL INSURANCE COMPANY; ET AL. | | |

REMANDED to Los Angeles County Superior Court.

   IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00 : 02 |
| Initials of Preparer | CMJ |